UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID W. HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-428-JRG-HBG |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02. On January 30, 2018, the Court entered an Order [Doc. 4], directing Plaintiff to show cause on or before February 12, 2018, for failure to serve Defendant in this case. The deadline has passed with no response.

When a United States agency, corporation, officer or employee is sued in their official capacity, plaintiff must serve the United States, as well as send a copy of the summons and the complaint by registered or certified mail to the agency, corporation, officer or employee. Fed. R. Civ. P. 4(i)(2). With specific regard to an appeal for disability benefits, plaintiff must serve the United States Attorney for the district in which the action is brought, the Attorney General of the United States, and the Commissioner of Social Security. *See* Fed. R. Civ. P. 4(i)(1).

"The Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(m), service must be completed within 90 days after the complaint is filed. If plaintiff misses the 90 day deadline, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, upon a showing of good cause by plaintiff, the court must extend the deadline for service "for an appropriate period." *Id.*

Good cause "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quotations omitted). Absent a showing of good cause, Rule 4 compels dismissal.[1]

In the instant matter, there is no evidence that Plaintiff perfected service at any time since the filing of his Complaint [Doc. 1] on September 27, 2017. The Court placed Plaintiff on notice on January 30, 2018, that good cause must be shown for failing to perfect service within the time allotted by Rule 4(m), or the Court would recommend that this action be dismissed. To date, Plaintiff has not shown proof of service or good cause for his failure to meet the 90-day deadline.

Accordingly, the undersigned **RECOMMENDS**[2] that Plaintiff's Compliant [**Doc. 1**] be **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Respectfully submitted,

Bruce Guyton
United States Magistrate Judge

---

[1] Notably, courts also have "inherent power" to "dismiss cases *sua sponte* for lack of prosecution" at any stage of the proceedings. *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630 (1962)).

[2] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).